# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

UNITED STATES OF AMERICA  :

    v.    :   CIVIL NO. 3:14CV114(EBB)

RONNIE WASHINGTON   :

## RULING ON MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE

Pending before the Court is the *pro se* motion[1] of the defendant, Ronnie Washington

("Washington"), pursuant to 28 U.S.C. § 2255, to vacate, set aside or correct his sentence.  He

claims that his Sixth Amendment rights were violated by the ineffective assistance of his counsel

and that the Court erred in sentencing him as a career offender.[2]  For the following reasons,

Washington's motion [doc. #1] is DENIED.

### *FACTS AND PROCEDURAL BACKGROUND*

On November 20, 2010, Washington was arrested and charged in an indictment with one

count of conspiracy to possess with intent to distribute 28 grams or more of cocaine base, in

violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B) and 846; and one count of using a telephone in

connection with a narcotics offense, in violation of 21 U.S.C. § 843(b).

On March 1, 2011, pursuant to a written plea agreement, Washington pleaded guilty to

the drug conspiracy count.  In the plea agreement, Washington stipulated to a drug quantity

---

[1]The Court gives this *pro se* motion a liberal construction and reads it as raising "the strongest arguments it suggests." Erickson v. Pardus, 551 U.S. 89, 94 (2007).

[2]Washington also asserts that the Court erred in determining that he was an armed career criminal.  The Court, however, made no such determination and he was not sentenced under 18 U.S.C. § 924(3), the Armed Career Criminal Act.

greater than 112 grams, but less than 146 grams.  The government agreed to recommend a 3-level reduction in his base offense level for acceptance of responsibility, and accordingly, the plea agreement projected that his adjusted base offense level would be 25.  It further noted that, with a criminal history category ("CHC") VI, his guideline sentencing range would be 120 to 137 months.[3]  As the plea agreement also noted, it appeared that Washington might be a career offender based on his multiple prior Connecticut felony convictions for narcotics offenses, which could result in a far higher guideline range.  Washington reserved the right to challenge any career offender determination.  He also reserved the right to seek a departure to a non-guideline sentence.  The government reserved the right to object and seek a sentence it deemed appropriate. The plea agreement stated in several sections that the quantity stipulation and the guideline calculations were not binding on the sentencing court.  In addition, the government advised that it was filing a second offender notice under 21 U.S.C. § 851, based on Washington's prior felony drug convictions, and thus he could be exposed to a maximum life sentence and a mandatory minimum sentence of ten years.[4]  Washington waived the right to challenge the § 851 notice .

After Washington's guilty plea, the probation department prepared his pre-sentence report ("PSR").  In the original PSR, his base offense level, given the stipulated drug quantity, was 28, which, after a 3-level reduction for acceptance of responsibility, resulted in an adjusted offense level of 25.  After the original PSR was issued, the government obtained transcripts of

---

[3]The plea agreement also noted that Washington could be subject to a 2-level enhancement in his base offense level for possession of a firearm.  As it turned out, that enhancement was not used in calculating his guideline sentencing range.

[4]The government filed the second offender notice on Feburary 23, 2011, listing four prior Connecticut convictions of sale of narcotices from 1999 and 2003.

Washington's two 1999 convictions of sale of narcotics under Conn. Gen. Stat. § 21a-277(b).

Those transcripts provided a factual basis for finding, as to each conviction, that Washington had

pleaded guilty to controlled substances offenses, namely sale of cocaine and conspiracy to sell

cocaine.  Based on that information, the  probation department issued a second addendum to the

PSR classifying Washington as a career offender.  As such, his base offense level was re-

calculated under the career offender guideline, U.S.S.G. § 4B1.1(c), and after the 3-level

reduction for acceptance, resulted in an adjusted base offense level of 36.  With his CHC VI,

Washington's recommended guideline sentencing range was 262 to 327 months.

Prior to sentencing, Washington's counsel filed a sentencing memorandum asking the

Court to sentence Washington at the bottom of the originally calculated guideline range of 120 to

137 months.  Counsel argued that Washington did not qualify as a second offender because his

two 2003 Connecticut convictions of sale of narcotics were based on *Alford* pleas, and his two

1999 Connecticut convictions were for crimes that he committed, and pleaded guilty to, when he

was a minor.  Counsel further argued that those convictions were treated together in state court

and thus constituted only one offense for career offender purposes.

Washington was sentenced on May 19, 2011.  Prior to imposing sentence, the Court

canvassed Washington regarding whether he had read and discussed the PSR with counsel.

Washington acknowledged that he had done so and that counsel had answered all of his

questions.  Counsel also made the same arguments she had made in her sentencing memorandum

– that Washington should be sentenced to a term of 120 to 137 months because, *inter alia*, his

1999 convictions were not proper predicate offenses under the career offender guidelines.  The

Court rejected counsel's arguments and adopted the PSR's finding that Washington was a career

offender based on his two 1999 felony drug convictions.  The Court found that, as a factual

matter, Washington's 1999 convictions under Conn. Gen. Stat. § 21a-277(b), were not based on

*Alford*  pleas and that there was adequate record evidence establishing that the convictions

qualified as predicate controlled substance offenses under the career offender guidelines.

Accordingly, the Court found that Washington's adjusted offense level was 34, his CHC was VI

and his recommended guideline sentencing range was 262 to 327 months.  The Court carefully

considered the arguments of defense counsel and the government as well as sentencing factors set

forth in 18 U.S.C. § 3553(a), and downwardly departed from the recommended guideline range

and imposed a sentence of 240-months imprisonment.

On appeal of his sentence, Washington was represented by the same counsel who

represented him in the district court.  Counsel argued that this Court erred in treating him as a

career offender pursuant to U.S.S.G. § 4B1.1(a), based on Washington's two 1999 predicate

narcotics convictions because he was a minor when he committed and pleaded guilty to them.

He also claimed the two convictions should have been treated as one offense because they were

treated as such at both the plea and sentencing stages in the Connecticut court.  Counsel also

claimed that Washington's sentence was procedurally and substantively unreasonable.

The appellate court found no merit to, and rejected, Washington's claims regarding his

career offender designation.  It noted that, under the guidelines, "a conviction for an offense

committed prior to age eighteen is an adult conviction if it is classified as an adult conviction

under the laws of the jurisdiction in which the defendant was convicted." U.S.S.G. § 4B1.2,

comt. N.1.  Because the state proceeded against Washington as an adult in an adult forum, his

two 1999 predicate narcotics convictions were properly treated as adult convictions.  The court

also rejected the argument that the two convictions should be treated as one, noting that the guidelines count prior sentences separately if, as in Washington's case, they were imposed for offenses that were separated by an intervening offense.  U.S.S.G. § 4A2.1(a)(2).  Further, the court rejected his claimed errors regarding the reasonableness, both procedurally and substantively, of his sentence because they were not supported by the record.  United States v. Washington, No.11-2154 (2d. Cir. Nov. 29, 2012).

### *Standard of Review in Section 2255 Motions*

Habeas corpus relief is an extraordinary remedy that should only be granted when necessary to redress errors that would, if left intact, result in a complete miscarriage of justice.  Hill v. United States, 368 U.S. 424, 428 (1962).  Relief under § 2255 is available "only for a constitutional error, a lack of jurisdiction in the sentencing court, or an error of law that constitutes a fundamental defect which inherently results in a complete miscarriage of justice."  United States v. Addonizio, 442 U.S. 178, 184 (1979).  Not every asserted error may be raised in a § 2255 motion.  Davis v United States, 417 U.S. 334, 346 (1974).  The grounds for relief are narrowly limited -- indeed, an error that might justify reversal on direct appeal will not necessarily support relief in a habeas motion.   Moreover, a habeas motion is not a substitute for an appeal.  It may not be used "to relitigate issues that were raised and considered on direct appeal."  United States v. Perez, 129 F.3d 255, 260 (2d Cir. 1997).  This so-called "mandate rule" "prevents re-litigation in the district court not only of matters expressly decided by the appellate court, but also precludes re-litigation of issues impliedly resolved by the appellate court's mandate."  Yick Man Mui v. United States, 614 F.3d 50, 54 (2d Cir. 2010).  On the other hand, a defendant is procedurally barred from raising claims in a habeas motion that he failed to raise on

appeal unless he shows both cause for not raising them and resulting prejudice.  Ciak v. United States, 59 F.3d 296, 312 (2d Cir. 1995).

Further, a defendant has a heavy burden where, as here, he asserts a claim of ineffective assistance of counsel.  To prevail on that claim, a defendant must show both that (1) his counsel's performance was objectively unreasonable under professional standards prevailing at the time, and (2) his counsel's deficient performance resulted in prejudice to his case.  Strickland v. Washington, 466 U.S. 668, 678 (1984).  To satisfy the first element, the defendant must show that the error was so serious that counsel was not functioning as the counsel guaranteed by the Sixth Amendment and counsel's performance was outside the wide range of professionally competent assistance.  Id. at 687, 690.  Prejudice under Strickland means there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  The court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the petitioner must overcome the presumption that, under the circumstances, the challenged action might be considered sound strategy.  Id. at 689.  Counsel's failure to make a meritless argument does not rise to the level of ineffective assistance, and strategic choices made after investigation of the law and facts relevant to the plausible options, are virtually unchallengeable.  United States v. Kirsh, 54 F.3d 1062, 1071 (2d Cir. 1995).

## *DISCUSSION*

In the instant habeas petition, Washington claims (1) that his Sixth Amendment right to counsel was violated by his attorney's ineffective assistance in failing to challenge his career offender classification; and (2) that his sentence was procedurally and substantively unreasonable

in that it was based on his erroneous classification as a career offender.  He contends that the

Court incorrectly applied a categorical approach in determining his two prior 1999 Connecticut

felony drug convictions were predicate offenses under U.S.S.G. § 4B1.1(a) and, in so doing,

violated <u>Savage v. United States</u>, 542 F.3d 959 (2d Cir. 2008).  In opposition, the government

maintains that Washington's petition is time barred under the one-year statute of limitations for

habeas motions; that his claim of ineffective assistance of counsel is baseless; and his claim that

he was erroneously sentenced as a career offender is procedurally barred and without factual or

legal merit.  The Court agrees that Washington's petition is without substantive merit, but finds

that it was timely filed pursuant to 28 U.S.C. § 2255(f).

### *Washington's Habeas Petition Was Timely Filed*

Pursuant to 28 U.S.C. § 2255(f), a one-year period of limitations applies to motions for

habeas corpus relief under § 2255. The limitations period begins to run from the latest of, *inter*

*alia*, the date on which the judgment of conviction becomes final; the date on which the

impediment to making a motion created by governmental action in violation of the Constitution

or laws of the United States is removed, if the movant was prevented from making a motion by

such governmental action; the date on which the right asserted was initially recognized by the

Supreme Court, if that right has been newly recognized by the Supreme Court and made

retroactively applicable to cases on collateral review; or the date on which the facts supporting

the claim could have been discovered through the exercise of diligence. 28 U.S.C. § 2255(f).

The judgment of conviction in this case was entered on May 20, 2011.  Washington's

conviction was affirmed on direct appeal by a ruling dated November 29, 2012.  The mandate

was issued on December 26, 2012.  Washington did not file a petition for certiorari.  In <u>Clay v.</u>

United States, 537 U.S. 522 (2003), the Supreme Court addressed § 2255(f)(1)'s statute of limitations for federal prisoners seeking post-conviction relief and held that a federal judgment becomes final "when [the Supreme Court] affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari," or, if a petitioner does not seek certiorari, "when the time for filing a certiorari petition expires." Id. at 527.  In so holding, the Supreme Court "rejected the argument that, if a petitioner declines to seek certiorari, the limitations period starts to run on the date the court of appeals issues its mandate." Id. at 529.  Pursuant to Supreme Court Rules, a petition for certiorari must be filed within 90 days after entry of the court of appeal's judgment, Sup. Ct. R. 13(1), and not from the issuance date of the mandate, Sup. Ct. R. 13(2). Accordingly, the one-year limitation period for Washington's habeas petition began to run on February 27, 2013 and did not expire until February 27, 2014.  Because his petition was filed on January 29, 2014, before the expiration of the one year period, it was timely filed.

### *Washington's Challenge to His Career Offender Status is Baseless*

Washington asserts that the Court erred in finding his 1999 Connecticut drug convictions were predicate offenses that rendered him a career offender and thus subject to an enhanced base offense level pursuant to U.S.S.G. § 4B1.1(a).  According to Washington, the Court erred in not applying a modified categorical approach as required by Savage v. United States, 542 F.3d 959 (2d Cir. 2008), because the Connecticut statute of his predicate convictions, Conn. Gen. Stat. § 21a-277(b),[5] is divisible, *i.e.*, it criminalizes both predicate and non-predicate conduct, and thus

---

[5]This statute provides that "[a]ny person who manufactures, distributes, sells, prescribes, dispenses, compounds, transports with intent to sell or dispense, possesses with intent to sell or dispense, offers, gives or administers to another person any controlled substance ... may, for the first offense, ... be imprisoned not more than seven years."  Conn. Gen. Stat. § 21a-277(b).

the court was required to inquire into the factual bases of his convictions to determine if they were predicate offenses under the guidelines.[6]

At the outset, the Court notes that, on appeal, Washington challenged his designation as a career offender and that the Second Circuit held that the Court did not err in finding that he was a career offender.  Thus, because this claim was raised and decided on direct appeal, it is procedurally barred and cannot be raised in this collateral attack.  Nonetheless, even if it were not procedurally barred, the Court finds that the claim is factually and legally baseless.

In determining whether a prior state-felony conviction qualifies as a predicate controlled substance offense, a district court takes either a categorical approach or a modified categorical approach.  The categorical approach applies where the statute of the prior conviction has a single, indivisible set of elements.  If so, it is considered generically. The sentencing court looks only to the fact of conviction and the statutory definition of the prior offense.  Shepard v. United States, 544 U.S. 13, 17 (2005).  In other words, the court examines the statute of the prior conviction in terms of how the law defines it and does not consider how an individual offender might have committed it.  Descamps v. United States, 133 S. Ct. 2223, 2293 (2013); United States v. Beardsley, 691 F.3d 252, 259 (2d Cir. 2012).

The modified categorical approach serves a limited function and is used only if the statute of the prior conviction is divisible in that it criminalizes both predicate and non-predicate

---

[6]Under U.S.S.G. § 4B1.2(b), a "controlled substance offense" is defined as "an offense under ... state law ... that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance ... or the possession of a controlled substance ... with intent to manufacture, import, export, distribute or dispense.  Application Note 1 to this section further provides that a controlled substance offense "include[s] the offenses of aiding and abetting, conspiring, and attempting to commit such offenses." Id. comt. n. 1.

conduct.  In that case, the sentencing court must look beyond the fact of conviction and consider the underlying facts, as revealed in a limited class of court documents, including the charging document, a transcript of the plea colloquy or explicit factual findings made by the trial judge, to determine if the conviction established either (1) that the defendant admitted to predicate conduct when confirming the factual basis for his guilty plea, or (2) proof that the charge was narrowed to include only predicate conduct.  Shepard, 544 U.S. at 21-22; see also Descamps, 133 S. Ct. at 2293; Beardsley, 691 F.3d at 259.

The Connecticut statute of Washington's 1999 drug convictions was divisible and thus the Court was required to apply the modified categorical approach to determine whether Washington's convictions were predicate controlled substance offenses.  It is, however, an undisputed fact that, contrary to Washington's assertions, the Court applied the modified categorical approach.  The Court examined the transcript of Washington's guilty pleas to both convictions and determined that, as a factual matter, Washington admitted to conduct that fit the guideline definition of a controlled substance offense.  Thus, Washington's claim is factually and legally without merit.

### *Washington Has Not Established Ineffective Assistance of Counsel*[7]

Washington has not, nor can he, establish that his counsel's performance, in failing to challenge his career offender designation, was deficient, or that he was prejudiced as a result of any such deficient performance.  Not only is this claim without a factual basis, Washington has

---

[7]The fact that an ineffective assistance of counsel claim was not, as here, raised on direct appeal does not render it procedurally bared in a habeas action.  Massaro v. United States, 538 U.S. 500, 504 (2003) (holding that a petitioner may raise an ineffective assistance of counsel claim in a habeas motion even it it was not previously raised at trial or on appeal); United States v. Perez, 129 F.3d 255, 261 (2d Cir. 1997) (same).

not, nor could he, establish the required prejudice.  He does not even allege that, but for the errors of counsel, he would have pleaded not guilty and would have insisted on going to trial. Hill v. Lockhart, 474 U.S. 52, 59 (1985); United States v. Perez, 129 F.3d at 261.  Indeed, had counsel asserted a Savage challenge to the propriety of using his 1999 drug convictions as predicate controlled substance offenses, it would not have been successful and thus her failure to do so could not have prejudiced Washington.  Counsel made a strategic decision to raise other challenges to the use of those prior convictions.  Under the circumstances, her decision is virtually unchallengeable.  See United States v. Kirsh, 54 F.3d at 1071.

Accordingly, Washington has not established that counsel's performance constituted ineffective assistance and he was not deprived of his rights under the Sixth Amendment.

### *CONCLUSION*

For the foregoing reasons, Washington's petition for habeas corpus relief pursuant to 28 U.S.C. § 2255 [doc. #1] is DENIED.  Because Washington has not made a substantial showing of the denial of a constitutional right, a certificate of appealability shall not issue.

SO ORDERED.

/s/_____
ELLEN BREE BURNS
SENIOR UNITED STATES DISTRICT JUDGE

Dated this 23rd day of May, 2014, at New Haven, Connecticut.

11